UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUBY MEADOWS,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

Case No. C17-1248 RAJ

**ORDER REVERSING AND REMANDING THE CASE FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff, Huby Meadows, seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred in evaluating plaintiff's testimony, several medical opinions, and lay witness testimony. Dkt. 11 at 1. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 63 years old, has a high school education, and has worked as a security guard, musician/guitarist, armored car guard and driver, and water truck driver. Tr. 87, 1172, 93-94, 41.

On August 31, 2011, plaintiff's neck and shoulders were injured in the course of his work

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 1

as an armored truck guard and driver. Tr. 914. He did not work after October 16, 2011. Tr. 915. He was further injured in January 2012 during physical therapy to treat the work-related injury. Tr. 915-16. Plaintiff underwent several examinations related to his worker's compensation claim for these injuries. *See* Tr. 914, 1165.

On January 23, 2014, plaintiff applied for disability benefits, alleging disability as of October 16, 2011. Tr. 30. Plaintiff's applications were denied initially and on reconsideration. *Id*. After the ALJ conducted a hearing on July 16, 2015, the ALJ issued a decision finding plaintiff not disabled. Tr. 30-42.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Plaintiff has not engaged in substantial gainful activity since the alleged onset date of October 16, 2011.

**Step two:** Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, degenerative joint disease of the left shoulder, history of sprain of the left knee with meniscus tear with surgical repair.

**Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:** Plaintiff can perform light work, lifting/carrying 20 pounds occasionally and 10 pounds frequently, standing/walking about six hours, and sitting for six hours. He can climb ramps or stairs frequently and ladders, ropes or scaffolds 12 feet or shorter occasionally. He can occasionally stoop, frequently kneel and crouch, and never crawl. He can occasionally reach overhead. He must avoid concentrated exposure to excessive vibration such as a jackhammer and to workplace hazards.

**Step four:** Plaintiff can perform past relevant work as a security guard, musician and singer, and thus is not disabled.

**Step five:** The ALJ did not reach step five.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.
[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 2

Tr. 32-41. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Tr. 1.[3]

**DISCUSSION**

**A.     Plaintiff's Testimony**

Plaintiff contends the ALJ erred by failing to provide a clear and convincing reason, supported by substantial evidence, to discount his testimony. Where, as here, an ALJ finds that a claimant has established underlying impairments that may reasonably be expected to cause the alleged symptoms and there is no affirmative evidence of malingering, the ALJ may reject plaintiff's testimony about the severity of his symptoms only "by offering specific, clear and convincing reasons" supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (2017).

The ALJ summarized plaintiff's allegations as follows: He cannot lift or carry more than 20 pounds or put more than 15 pounds of weight on his shoulders; bending, sitting, and concentrating are impaired; shrugging his shoulders causes pain; he cannot move his head or neck quickly or look down for any extended time and thus cannot drive more than 30 minutes at a time (based on his doctor's orders). Tr. 36 (citing Tr. 1412, 1417). The ALJ discounted plaintiff's statements because they "are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained below." Tr. 37. The ALJ then reviewed the medical evidence and assessed the medical opinions, but did not explain what medical or other evidence is inconsistent with plaintiff's statements or how it is inconsistent.

The purpose of taking a claimant's testimony is to supplement medical findings. The Commissioner "recognize[s] that some individuals may experience symptoms differently and

---

[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 3

may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same non-medical evidence." SSR 16-3p, available at 2017 WL 5180304, *4. Accordingly, the Commissioner "will not disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms alleged by the individual." *Id.* at *5 (citing 20 C.F.R. §§ 404.1529, 416.929). An ALJ may, therefore, reject a claimant's testimony if it is contradicted by medical testimony, but not solely because it is unsubstantiated by medical testimony. And an ALJ's vague statement that a claimant's testimony is not consistent with objective medical evidence, without any specific findings in support, is inadequate to discount the claimant's testimony. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014).

The Commissioner contends that the ALJ's discussion of the medical evidence reflects that objective findings were minimal, which the Commissioner argues can undermine a claimant's credibility when other reasons are present. Dkt. 15 at 16 (citing *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.")). The Commissioner's "other reason" involves a muddled argument related to plaintiff's past work as a musician. The Commissioner inaccurately states that plaintiff worked as a musician *for 15 years* making enough money to constitute substantial gainful activity, while citing to a record showing that plaintiff had worked as a musician sometime *in the last 15 years*. Dkt. 15 at 16 (citing Tr. 41, 1058, 1066). Regardless of what point the Commissioner is trying to make, the ALJ did not cite it as a reason to discount plaintiff's testimony. As such it is an improper post-hoc rationalization that the Court may not rely on to affirm the ALJ's decision.

ORDER REVERSING AND REMANDING
THE CASE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 4

*See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 1995).

The Court concludes the ALJ erred in discounting plaintiff's testimony. On remand, the ALJ should reevaluate his testimony, reassessing the RFC as appropriate.

**B.      Medical Source Opinions**

If contradicted, a physician's opinion may be rejected only if the ALJ provides specific and legitimate reasons supported by substantial evidence. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014).

      **1.      Marshall W. Anderson, M.D.**

Dr. Marshall opined that plaintiff was limited to sedentary work. Tr. 1898-1900. The ALJ gave Dr. Anderson's October 2015 opinions "little weight" because April 2015 findings did not reveal neurological deficits. Tr. 40 (citing Tr. 1912). In support, the ALJ cited neurological findings that plaintiff's level of consciousness, orientation, sensory and motor functions were normal, and cervical nerves were "grossly intact." Tr. 1912. This bare-minimum neurological screening has little relevance to Dr. Anderson's opinions, which relied on MRI and X-ray results showing "severe R[ight] C4-5 foraminal stenosis[, degenerative disc disease,] spondylolisthesis[,] and multilevel degeneration with myelopathy." Tr. 1899.

The Commissioner notes that another page of the record the ALJ cited indicates a negative Spurling's test. Dkt. 15 at 10 (citing Tr. 1911). The Commissioner cites a Ninth Circuit ERISA case stating that a "positive Spurling's sign indicates that the neck pain radiates to the area of the body connected to the affected nerve." *Shaw v. AT & T Umbrella Ben. Plan No. 1*, 795 F.3d 538, 542 n.1 (6th Cir. 2015) (citing Spurling's Test, Physiopedia.com, http://www.physio-pedia.com/Spurling's_Test (last visited July 12, 2015)). This statement cannot support the Commissioner's argument that the inverse is also true, *i.e.*, that "a *negative*

Spurling's test reveals that an individual's neck pain does *not* radiate to the area of the body connected to the affected nerve." Dkt. 15 at 10 (emphasis added). Moreover, the web page that the Ninth Circuit cited actually highlights the fact that Spurling's test can produce false-negative results. Spurling's Test, Physiopedia.com, https://www.physio-pedia.com/Spurling's_Test (last visited June 21, 2018) ("Although this test is commonly used for assessing cervical radiculopathy it is important due to its lower sensitivity that other tests are used in conjuction [sic]."). And despite the negative Spurling's test in *Shaw*, the Ninth Circuit concluded he was disabled and remanded for payment of benefits. 795 F.3d at 552. A negative Spurling's test result six months before Dr. Anderson's examination is not a clear and convincing reason to discount his opinions that plaintiff is limited to sedentary work.

The Court concludes the ALJ erred in discounting Dr. Anderson's opinions.

**2.     Erik Kinzer, A.R.N.P.; Thomas A. Clarkson, M.D.; Seunghyun Lee, M.D.**

While plaintiff was in the process of his worker's compensation claim, he was examined by several physicians who opined that he was not ready to return to his work as an armored car guard and driver. Taken together, these opinions covered a period from his October 2011 injury to April 2012. Tr. 484-567. But none of the individual reports limited plaintiff for longer than six months at a time. *Id.* Social Security benefits are only available for disability that is expected to last at least 12 months. *See* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 404.1509.

Because the opined limitations would not satisfy the 12-month duration requirement, these opinions had little probative value, and the ALJ therefore did not err in discounting them to the extent he found them to relate to temporary limitations. *See*, *e.g.*, *Tappon v. Carolyn*, No. C13–1511, 2014 WL 989253, at *5 (W.D. Wash. Mar. 13, 2014) (ALJ did not err in discounting medical opinion in which doctor opined that plaintiff's limitations would last six months, despite

plaintiff's effort to "combine" opinion with other information).  Plaintiff argues that the opinions should not be discounted because together they meet the 12-month duration requirement. Regardless of whether plaintiff's underlying condition continued for 12 months, the limitations in each medical opinion were only intended to last for a few weeks or months.  Plaintiff has not applied for benefits for a closed period covered by these opinions, rather he attempts to use those opinions to project farther into the future than those opinions themselves claim to project.  The Court concludes the ALJ did not err in discounting these opinions.

### 3. Stuart Austin, P.A.-C.

Physician's assistants are not considered acceptable medical sources, and an ALJ may discount their opinions by giving germane reasons. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).  Physician's assistant Stuart Austin opined in October 2013 that for at least 12 months plaintiff should be limited to sedentary work.  Tr. 1555.  The ALJ gave Mr. Austin's opinions "little weight" because he provided no "explanation" beyond findings of reduced range of neck motion.  Tr. 40.  However, Mr. Austin also relied on diagnoses of cervical strain and degenerative disc disease.  Tr. 1554-56.  The ALJ also discounted Mr. Austin's opinions because plaintiff "reportedly ha[d] expressed interest in accepting" a light-duty job around July 2013.  Tr. 970.  However, that job was part time, for only four hours a day.  *Id.*  While holding oneself out as able to work full-time undermines a disability claim, holding oneself out as able to work part-time does not.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008). The form Mr. Austin filled out defined "sedentary work" as able to lift 10 pounds 2.5 to 6 hours a day.  Tr. 1555.  The job plaintiff was approved for involved lifting 10 pounds or less for the whole four hours, which is not inconsistent.  Tr. 929.  Finally, the ALJ stated that a July 2013 physical examination was "completely normal, and there is no evidence of worsening since that

evaluation was conducted and the time of Mr. Austin's examination." Tr. 40. But the July 2013 examination did not show normal results, but rather diminished range of neck motion and that "[a]ll ROM cause(s) pain on bilateral lateral neck." Tr. 1247. The Court concludes the ALJ erred in discounting Mr. Austin's opinions on these grounds.

**C.    Lay Witness Testimony**

Plaintiff's girlfriend, Susan Sanfratella, testified at the July 2015 hearing that she goes to plaintiff's house once a week and does laundry, vacuuming, and yard work for him. Tr. 83. She testified that when plaintiff is in really bad pain, he just lays there and "doesn't do much of anything." Tr. 84. In the previous year, he had been in pain "most of the time" she saw him. Tr. 83-84. An ALJ may discredit lay witness testimony by giving "germane" reasons. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). The ALJ gave Ms. Sanfratella's testimony "little weight" because it conflicted with plaintiff's January 2014 report that he is able to do housework and self-care, prepare meals, shop, and use public transportation. Tr. 41 (citing Tr. 1413-1417). This report was consistent with plaintiff's July 2015 hearing testimony. See Tr. 63-68. The ALJ did not err in discounting Ms. Sanfratella's testimony because inconsistency with plaintiff's reports was germane.

**D.    Scope of Remand**

Plaintiff contends the Court should remand for payment of benefits. In general, the Court has "discretion to remand for further proceedings or to award benefits." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990). The Court may remand for further proceedings if enhancement of the record would be useful. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). The Court may remand for benefits where (1) the record is fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ fails to provide legally sufficient reasons

for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

Here, the Court finds that the record, as it stands, does not compel a finding of disability. Even if plaintiff's testimony and Dr. Anderson's opinions were fully credited, there is conflicting and ambiguous evidence as to whether plaintiff can perform his past work as a musician. For example, the vocational expert testified he was "not sure" how overhead reaching limitations would affect the job of musician. Tr. 79-80. And while Dr. Anderson opined plaintiff was limited to "sedentary work," the form he filled out defined sedentary as able to lift 10 pounds frequently (2.5 to 6 hours a day). Tr. 1900. In contrast, Social Security regulations define "sedentary work" as involving lifting only small items "occasionally" (less than 2.5 hours). 20 C.F.R. §§ 404.1567(a), 416.967(a). Accordingly, remand for further proceedings is appropriate.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reevaluate plaintiff's testimony and the opinions of Dr. Anderson and Mr. Austin, reassess the RFC as appropriate, and proceed to steps four and five as needed.

DATED this 5th day of July, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge